**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERRICK V. JOHNSON,

Defendant - Appellant.

No. 17-3136
(D.C. Nos. 5:16-CV-04096-SAC &
5:96-CR-40082-SAC-2)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

Derrick Johnson, a federal prisoner, seeks a certificate of appealability (COA)

to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate his

18 U.S.C. § 924(c) convictions. We deny Johnson's request.

**BACKGROUND**

In 1998, Johnson pleaded guilty to three counts of Hobbs Act robbery in

violation of 18 U.S.C. § 1951 and two counts of unlawfully carrying and using a

firearm during and in relation to a crime of violence in violation of 18 U.S.C.

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 924(c). Based on Johnson's total offense level and criminal-history category, the District of Kansas sentenced him to 468 months' imprisonment.

On June 13, 2016, Johnson moved to vacate his sentence under 28 U.S.C. § 2255 in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that 18 U.S.C. § 924(c)(3)(B)'s residual clause is unconstitutionally vague. In his motion, he argued that Hobbs Act robbery doesn't categorically qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A)'s force (or elements) clause. The district court denied Johnson's § 2255 motion, concluding that Hobbs Act robbery does categorically qualify as a crime of violence under § 924(c)(3)(A)'s force (or elements) clause. Johnson now appeals.

## DISCUSSION

Before Johnson's appeal may proceed, he must obtain a COA. 28 U.S.C. § 2253(c)(1)(B). We will issue a COA only where "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the relevant legal question is whether Hobbs Act robbery categorically qualifies as a crime of violence. That it does.

We answered this question in *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018). There, we held that Hobbs Act robbery categorically qualifies as a "crime of violence" under § 924(c)(3)(A)'s elements clause because it includes the

2

use or threatened use of violent force as an element of the crime. *Melgar-Cabrera*, 892 F.3d at 1065-66. Accordingly, we concluded that the invalidation of the residual clause, § 924(c)(3)(B), does not change Hobbs Act robbery's status as a crime of violence. *Id.* at 1060 n.4. Johnson correctly concedes that this holding precludes the relief he seeks.

Still, he argues we should grant him a COA because the Supreme Court granted certiorari in *Stokeling v. United States*, 138 S. Ct. 1438, 86 U.S.L.W. 3492 (Apr. 2, 2018) (No. 17-5554), which he contends leaves *Melgar-Cabrera* debatable. Unfortunately for Johnson, *Stokeling* did not go as he had hoped. The Supreme Court held that "physical force" in the elements clause "encompasses the degree of force necessary to commit common-law robbery." *Stokeling v. United States*, 139 S. Ct. 544, 555 (Jan. 15, 2019). With this, our holding in *Melgar-Cabrera* remains intact. *See Melgar-Cabrera*, 892 F.3d at 1064 (recognizing that Hobbs Act robbery tracks the elements of "common-law robbery," and that common-law robbery's "force" element "has traditionally been identified as violent force" (internal quotation marks omitted)).

With this controlling precedent, reasonable jurists could not debate that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A). Johnson's challenge to his § 924(c) convictions is therefore fruitless.

## CONCLUSION

Accordingly, we deny Johnson a COA and DISMISS the appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge